**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAROLYN GEORGE-JELLISON,<br><br>                Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Civil Action No. 08-0359 (SDW-MCA)<br><br>**OPINION**<br><br>April 22, 2009 |

**WIGENTON**, District Judge

Before this Court is Plaintiff Carolyn George-Jellison's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff submitted this motion subsequent to this Court's February 9, 2009 opinion reversing and remanding a final decision by the Commissioner of Social Security denying Plaintiff disability insurance benefits under Title II of the Social Security Act, 42 §§ U.S.C. 401-33.

The motion is decided without oral argument pursuant to Local Civil Rule 9.1(b). The Court has subject matter jurisdiction pursuant to 42 U.S.C. § 405(g), and venue is proper under 28 U.S.C. § 1391(b). For the reasons set forth below, the Court GRANTS Plaintiff's motion for attorney's fees, but reduces the amount of those fees.

### I.  FACTS AND PROCEDURAL BACKGROUND[1]

Plaintiff initially applied for Disability Insurance Benefits on January 2, 1998. After years of hearings, appeals and remands, Administrative Law Judge O'Leary

---

[1] A detailed account of the factual background and procedural history can be found in this Court's Opinion of February 9, 2009 (Docket No. 12).

ultimately denied Plaintiff's application on April 21, 2007. On January 18, 2008, Plaintiff filed a complaint in this Court appealing the Commissioner's final decision denying benefits. The Commissioner filed its Answer to the Complaint on March 25, 2008. On May 30, 2008, Plaintiff filed a letter brief pursuant to Local Rule 9.1 objecting to the Commissioner's denial of benefits. Thereafter, the Commissioner offered to reverse and remand the case for further proceedings. (Def.'s Br. 1.) On August 20, 2008, Plaintiff rejected this offer in an e-mail, stating the proposed remand order submitted by the Commissioner "says nothing, it orders nothing, and it compels nothing." (Def.'s Ex. A to letter of March 30, 2009, Docket No. 17 (e-mail dated Aug. 20, 2008, from Plaintiff's counsel to Assistant United States Attorney Sandra Grossfeld); *see also* Pl.'s Br. 2.) Instead, Plaintiff demanded a reversal and payment of benefits and stated counsel would begin drafting the brief in support of reversal. (Def.'s Ex. A.)[2] On October 21, 2008, the Commissioner filed a brief in support of remand. No opposition was ever filed.

On February 9, 2009, this Court reversed and remanded the ALJ's April 21st decision because the ALJ did not adequately address Jellison's mental functional capacity. On February 26, 2009, Plaintiff filed the current motion for an award of attorney's fees pursuant to the EAJA. Plaintiff seeks attorney's fees for 26.2 hours of work at a rate of $171.61 per hour for a total of $4,496. Plaintiff also seeks costs of $350 for the filing fee, for a grand total of $4,846. The itemized time records submitted in support of the current motion include 12.25 hours devoted to "[r]esearch and prepare rough draft of plaintiff's brief." This represents 46.8% of the total time for which fees are sought.

---

[2] Plaintiff's brief in reply to Defendant's opposition to the current motion states that Plaintiff "asked for a reversal or the Commissioner's psychiatrist to testify as an expert at the next hearing." (Pl.'s Br. 2.). This request is not apparent from the documentation provided.

2

**II.     DISCUSSION**

Congress promulgated the EAJA to ensure that "persons will not be deterred from seeking review of, or defending against, unjustified governmental action because of the expense involved in the vindication of their of rights." *Johnson v. Gonzales*, 416 F.3d 205, 208 (3d Cir. 2005) (citation omitted).  The EAJA, in pertinent part, provides that

> a court shall award to a prevailing party other than the United States fees and other expense . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . , *unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust*.

28 U.S.C. § 2412(d)(1)(A) (emphasis added).  For a court to award attorney's fees, it must find that the plaintiff is the prevailing party, that the position of the Social Security Commissioner is not substantially justified, that no special circumstances would make an award unjust, and that the motion for attorney's fees were filed within thirty days of final judgment.[3]  28 U.S.C. §§ 2412 (d)(1)(A) & (B).  The court, in its discretion may reduce or deny an attorney's fees award to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.  28 U.S.C. § 2412(d)(1)(C).

The plaintiff is a prevailing party under the EAJA if "'the plaintiff has succeeded on any significant issue in litigation which achieved some of the benefit . . . sought in bringing suit.'" *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (*quoting  Hudson, Texas State Teachers Ass'n.* v. *Garland Indep. School Dist.*, 489 U.S. 782, 791-92 (1989)).  The court has authority to enter "a judgment affirming, modifying, or reversing the decision

---

[3] Because the Commissioner has not argued that his position is substantially justified or that the petition failed to meet the filing deadline, these elements will not be addressed.

of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).  A plaintiff who obtains such a judgment (also known as a "sentence four judgment") meets the prevailing party requirement.  *Ruiz v. Comm'r of Soc. Sec.*, 189 Fed. Appx. 112, 113 (3d. Cir. 2006).  Here, Plaintiff's underlying claim was reversed and remanded pursuant to sentence four of § 405(g).  Thus, Plaintiff has established that she is the prevailing party.  The Commissioner does not contest this conclusion.

Regarding "special circumstances" under § 28 U.S.C. § 2412(d)(1)(A), "the statute 'explicitly directs a court to apply traditional equitable principles in ruling upon an application of counsel fees by a prevailing party.'"  *United States v. Acres of Land*, 43 F.3d 769, 772 (2d Cir. 1994) (*quoting Oguachuba v. I.N.S.*, 706 F.2d 93, 98 (2d Cir. 1983)).  "The court, in its discretion, may reduce the amount to be awarded . . . or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy."  This rule empowers the court's discretionary authority to deny or reduce attorney fee awards based on equitable considerations.  *Id*. at 772.

The party seeking attorney's fees bears the burden of establishing that those fees are reasonable.  *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990).  This court will "exclude hours that are not reasonably expended.  Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary."  *Id*. (citiations omitted).  This Court has discretion to decide "what a reasonable fee award is, so long as any reduction is based on objections actually raised by the adverse parties."  *Bell v. United Princeton Properties*, 884 F.2d 713, 721 (3d Cir.1989).  A reduction in the fees

4

requested is not proper unless a specific objection is made to that request. *See U.S. v. Eleven Vehicles*, 200 F.3d 203, 211 (3d Cir.2000).

In this case, Plaintiff rejected the Commissioner's prior remand offer on August 20, 2008, demanding instead that the case be reversed and benefits be awarded. Plaintiff's counsel states that on September 23 and 24, 2008, he expended 12.25 hours to "research and prepare [a] rough draft of plaintiff's brief." This brief was never filed. Subsequently, on October 21, 2008, the Commissioner filed a motion to remand the underlying proceedings in order to conduct further administrative proceedings. (Docket No. 11.) Plaintiff filed no opposition to this Motion. On February 9, 2009, this Court issued an Order remanding the case to the Commissioner of the Social Security Administration. (Docket No. 13.)

The Commissioner argues that this case presents "special circumstances" which warrant the reduction of Plaintiff's attorney's fees. The Commissioner argues that, because this Court ultimately remanded the case for further proceedings, "the relief obtained by plaintiff was the same as that offered by the Commissioner, that is, reversal and remand of plaintiff's claim for further administrative proceedings." (Def.'s Opp. Br. 4.) Accordingly, the Commissioner objects to payment of fees for preparation of the brief which was never filed.

In response, Plaintiff argues that the Commissioner's initial offer of remand was so lacking in detail regarding the substantive errors which were to be addressed on remand that the remand was effectively meaningless. As a result, Plaintiff argues, the offer was rejected and counsel began to prepare the substantive brief. According to the Plaintiff, "after offering a generic remand which solved no problems, . . . and after

5

plaintiff devoted 12 hours over a two day period to rough out a brief of a 200 page transcript, defendant finally filed a brief and a motion to remand granting what plaintiff insisted upon all the while, the testimony of a psychiatric expert of the Commissioner's own choosing." (Pl.'s Reply Br. 2.)[4]

The problem with Plaintiff's argument is that it does not account for the fact that over two months passed between her rejection of the Commissioner's remand offer and the date the Commissioner filed its formal brief in support of remand. This was ample time for Plaintiff to have filed her brief pursuant to Local Rule 9.1 demanding a reversal. Instead, it sat, and apparently still sits, on the shelf. Moreover, under Local Rule 9.1, the actual deadline for submitting the brief was May, 26, 2008.[5] It wasn't until May 30, 2008, that Plaintiff submitted her *initial* statement explaining the primary basis for relief. It is also telling that Plaintiff did not file any opposition to the Commissioner's motion for remand. By this Court's Order of Remand dated February 10, 2009, Plaintiff received effectively the same outcome as the Commissioner had offered more than six months earlier. *See Williams v. Bowen*, No. 85 C 2653, 1987 WL 10559, at *4 (N.D. Ill. May 6, 1987) (finding that where the court ultimately remanded the case to the Commissioner, plaintiff's rejection of Commissioner's prior offer of remand constituted "special circumstances which would make an award [of attorney's fees] unjust" because "plaintiff brought most of her legal expense on herself").

---

[4] This court is not privy to the details of the Commissioner's remand offer. However, it is clear from communication from Plaintiffs' counsel that the only acceptable outcome was a reversal and the payment of benefits, not a remand. (*see* Def.'s Ex. A.)

[5] Pursuant to Local Civil Rule 9.1, which governs review of social security matters, Plaintiff must submit, within fourteen days of the Commissioner's answer, a statement "setting forth plaintiff's primary contentions or arguments as to why plaintiff is entitled to relief." Loc. Civ. R. 9.1(a)(2). The Commissioner has thirty days to respond. Plaintiff must then submit a brief setting forth "all errors which plaintiff contends entitle him or her to relief" within 60 days of the Commissioner's answer being filed. In this case, Plaintiff's preliminary statement was due on April 7, 2008.

In light of Plaintiff's rejection of the Commissioner's offer to remand the case, subsequent failure to oppose such a remand, and failure to file a formal brief pursuant to Rule 9.1, it is the Opinion of this Court that no attorney's fees should be awarded for the preparation of that brief. The hours expended on that effort gained Plaintiff no advantage whatsoever, especially considering it was neither submitted nor re-packaged to oppose the Commissioner's formal remand motion. Hence, the brief preparation appears to have been unnecessary and therefore, it is unreasonable to award attorney fees for this work. Accordingly, Plaintiff's request for attorneys fees for 26.2 hours is reduced by 12.25 hours. An award of fees for the remaining 13.95 hours at $171.61 per hour is granted. Plaintiff is thus awarded $2,393.96 in fees, plus $350 in costs, for a total of $2,743.96.

**SO ORDERED**.

s/ Susan D. Wigenton
**Susan D. Wigenton, U.S.D.J.**

cc:  Hon. Madeline Cox Arleo, U.S.M.J.